■ In the Matter of DONALD GRAHAM, Petitioner, v NEW YORK STATE DIVISION OF HUMAN RIGHTS et al., Respondents. [602 NYS2d 195] —Proceeding pursuant to Executive Law § 298 to review an order of the Commissioner of the New York State Division of Human Rights, dated September 27, 1990, which, after a hearing, found that National Westminster Bank did not discriminate against the petitioner on the basis, *inter alia,* of age and dismissed his complaints.

Adjudged that the order is confirmed and the proceeding is dismissed on the merits, with costs to the respondent National Westminster Bank payable by the petitioner.

The Commissioner of the Division of Human Rights is primarily responsible for administering the Human Rights Law and, upon judicial review, the Commissioner's decisions are to be accorded substantial deference. The judicial function is concluded when it is determined that the Commissioner's determination is supported by substantial evidence on the record *(see, Matter of State Div. of Human Rights v County of Onondaga Sheriff's Dept.,* 71 NY2d 623, 630-631).

Here, there is ample evidence in the record to support the Commissioner's determination that the petitioner failed to establish that he was initially terminated from his employment because of his age or that he was subsequently terminated from his employment because of retaliation. The record reveals that in 1983, the respondent bank was going through a period of retrenchment and reorganization in which more than 400 jobs, including the complainant's, were eliminated. Moreover, the thrift industry, the complainant's area of expertise, was in a period of decline and represented a declining share of the bank's business. In accordance with the bank's practice, inquiries were made to locate another position within the bank to which the petitioner could be transferred. However, none was available. After his departure, the petitioner's duties were assumed by others and his position was never refilled. The petitioner was rehired by the bank in 1984 after he had filed his first complaint with the State Division of Human Rights. The petitioner negotiated and agreed to the objectives he was to achieve in his new position, but, ignoring the bank's instructions and requests, he failed to achieve those

objectives. The petitioner was subsequently transferred and given a new set of objectives which he, likewise, failed to achieve. The petitioner was discharged in 1986 after failing to meet his third and final set of objectives. Thus, the petitioner's initial discharge was a business decision by the bank which was unrelated to his age and his subsequent discharge was not retaliatory, but based upon his inadequate performance.

We have considered the petitioner's remaining contentions and find that they do not warrant a contrary result. Bracken, J. P., Sullivan, Copertino and Pizzuto, JJ., concur.